```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JASON FORBES,                           :    13 Civ. 1388 (DLC)
                    Petitioner,         :       09 Cr. 745
                                        :
           -v-                          :    OPINION AND ORDER
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                    Respondent.         :
                                        :
----------------------------------      X
```

APPEARANCES

For petitioner:

Jason Forbes, proceeding pro se
62200-054
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804


DENISE COTE, District Judge:

   Jason Forbes ("Forbes") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  For the following reasons, the petition is denied.


BACKGROUND

   Forbes was arrested on April 23, 2009, and indicted on August 3, 2009 in two counts with violations of 18 U.S.C. § 2252A.  The first count charged that Forbes knowingly distributed child pornography from his personal computer over the internet via a peer-to-peer networking program.  The second

count charged Forbes with knowingly possessing files containing images and video of child pornography that had been downloaded from the internet.

On December 3, Forbes entered a plea of guilty to Count Two of the Indictment, which charged him with the possession of child pornography.  In the agreement with the Government that Forbes executed in connection with his plea, he agreed not to appeal or challenge any sentence at or below 97 months' imprisonment.

Forbes's sentencing guidelines range was 78 to 97 months' imprisonment.  On April 30, 2010, Forbes was sentenced to probation for a term of five years.  The conditions of probation included registration as a sex offender.  This sentence was imposed at the second of two sentencing proceedings.

At the first sentencing proceeding on March 25, the Court asked counsel to respond to several questions.  As the Court explained, it wanted to consider carefully the extent to which the defendant presented a risk of acting out with any child or of continuing to engage in the downloading or exchange of child pornography.  The defendant had submitted a detailed, written psychological evaluation in support of a non-custodial sentence. The Court also asked counsel to indicate a preference between a sentence of time-served to be followed by supervised release and a sentence of probation.  At the April 30 proceeding, both

2

counsel expressed a preference for a sentence of probation in those circumstances.

On October 28, 2010, Forbes admitted to a violation of the terms of his probation. Forbes had been charged with two specifications of violation; he admitted to a violation of one of them, specifically that he had failed to truthfully answer inquiries made to him by his Probation Officer. Before accepting that admission, the Court advised Forbes of the penalties that he faced, which included imposition of a term of imprisonment of up to ten years. The Court further explained that because this was a violation of probation, the Court could impose any sentence that it could have originally imposed on Forbes when first sentencing him. Forbes indicated that he understood that. During his allocution, Forbes admitted that when his Probation Officer came to his apartment and asked him if he had a computer he lied to her and said no. He was remanded on that same day.

At a sentencing proceeding on December 17, the Government withdrew its request that the Court impose a sentence of 27 months' imprisonment in light of its understanding that a term of imprisonment may not be lengthened in order for a defendant to receive rehabilitative treatment. It recommended a term of imprisonment of three to nine months, which was the advisory guidelines range for this violation of the terms of probation.

See U.S.S.G. § 7B1.4(a).  Defense counsel asked that Forbes be returned to probation with additional conditions of supervision.

During the December 17 proceeding, the Court observed inter alia that Forbes had not complied with treatment since he had been sentenced and had been deceptive.  The Court concluded that a substantial term of imprisonment was necessary to deter the defendant from further violation of law.  It explained that it would sentence the defendant to a term of imprisonment of 60 months.  Defense counsel intervened and asked for an opportunity to consider whether the defendant was disputing any of the facts set forth in the Government's sentencing submission and on which the Court might be relying in imposing sentence.  The sentencing proceedings were adjourned to give the defendant an opportunity to identify any issues in dispute that might require a hearing.

On January 14, the parties produced a description of issues that would need to be resolved at a hearing.  After the Government supplied the defendant with the material for the hearing as required by 18 U.S.C. § 3500 ("3500 material"), the defendant withdrew his request for a hearing.

On February 7, 2011, Forbes was sentenced to 60 months of imprisonment to be followed by five years of supervised release.  During the sentencing proceeding, the Court explained that the 3500 material confirmed the information contained in the Probation Department's reports about the defendant and in the

Government's sentencing memorandum. The defendant did not have a good record of attending treatment, lied to his probation officer, tried to defeat a lie detector test, and continued to engage in a pattern of risky conduct. Failure to take seriously the terms of probation was especially serious and worrisome in light of the defendant's sexual interest in prepubescent females and cognitive distortions with respect to sexual abuse of children. The Court explained why a sentence of imprisonment was necessary to achieve individual deterrence and comply with the requirements of Section 3553(a).

Forbes appealed his conviction on the ground that it was "substantively unreasonable" because it exceeded the advisory guidelines range for a violation of probation. The judgment was affirmed by the Court of Appeals on August 13, 2012.

In a petition dated February 19, 2013, and filed on February 27, Forbes brings five claims for relief. Forbes also moves to have this Court recuse itself from this case.

DISCUSSION

Following a discussion of the petitioner's request for recusal, the substance of the petition's claims will be addressed. The petition asserts that Title 18 is unconstitutional on its face, that his counsel at his sentencing proceeding on February 7, 2011 was ineffective, that the

5

sentence was excessively long and in violation of 18 U.S.C. § 3553(a) ("Section 3553(a)"), and that the Government committed misconduct.

1.   Recusal

Forbes seeks recusal of this Court.  Forbes contends that this judge is no longer a neutral arbiter.  He cites comments made at a conference of October 4, 2010.  While Forbes cites to page three of the transcript of the conference of that day, he does not indicate to which specific comments of the Court he is referring.  On that page of the transcript, the Court indicates that Forbes's noncompliance with the terms of his probation had caused the Court believed it had made a "mistake in judgment" in sentencing Forbes to probation rather than imprisonment, and that if specifications of violation of probation were to be brought against Forbes the Court could "impose any sentence on [Forbes] that [the Court] could have imposed initially."  Forbes also cites the Court's reference to its right to impose a sentence that was substantially higher than the recommendations of counsel, and the Court's purported failure to consider the Section 3553(a) factors.  Forbes argues that the Court's statements were contradictory when it stated that that guidelines range was 77 to 96 months' imprisonment, but that the Court could impose a sentence as high as 120 months' imprisonment.

6

Pursuant to 28 U.S.C. § 455(a) a judge must recuse herself "in any proceedings in which [her] impartiality might reasonably be questioned." United States v. Amico, 486 F.3d 764, 775 (2d Cir. 2007).  "The district judge has discretion in the first instance to determine whether to disqualify [herself]....  The recusal decision requires that the district court carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning [her] impartiality might be seeking to avoid the adverse consequences of [her] expected adverse decisions." In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008) (citation omitted).  A court must consider whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal."  Id. (citation omitted).

Forbes has not shown that this Court should recuse itself.  Forbes's recusal motion rests primarily on legal disagreement with the Court's rulings.  Forbes's legal disagreement does not call into question the Court's impartiality.  Moreover, all of the Court's comments and decisions have arisen from the legal record created in this case.  To the extent that the Court errs in any way, that error may be addressed through an appeal.  The reasons for imposition of the 60 month sentence were fully explained on the record, and that sentence has been affirmed on

7

appeal.  Finally, the Court's description of the maximum statutory sentence and of the guidelines range for the conduct underlying Count Two of the Indictment was accurate.  Forbes confuses the maximum guideline range of 96 months, which is advisory and not binding on the Court, with the maximum statutory sentence of 120 months, which is binding.  See 18 U.S.C. § 2252A(b)(2).

2.   Title 18 Claim

Forbes argues that Title 18 of the United States Code is unconstitutional because of irregularities in its passage in Congress.  But Title 18 is a compendium of many separate criminal laws passed by Congress.  It was not passed all at once in the way that Forbes appears to believe.  Moreover, any challenge that Forbes has to Title 18 insofar as it has affected his prosecution should have been brought as part of his direct appeal and is now waived.

3.   Ineffective Assistance of Counsel Claim

Forbes asserts that his counsel at his February 2011 sentencing proceeding was ineffective in a variety of ways.  He complains that the attorney addressed the Court in a way that was "wrong" on December 17, 2010, and that the attorney was inexperienced and unknowledgeable about Court procedures.  Forbes also contends that his attorney improperly abandoned the argument that Forbes had been "intimidated," and that the

8

attorney "weakly" represented Forbes and did not appear to have done any research to assist Forbes.  Forbes further asserts that his attorney failed to argue that some of the items in Forbes' possession were not pornographic, failed to argue for a continuation of probation with more restrictive terms, failed to arrange for a comprehensive psychological evaluation of Forbes, and failed to seek recusal of the sentencing judge.

The standard for an ineffective assistance of counsel claim is well settled:

> In order to succeed on a claim of ineffective assistance of counsel, a claimant must meet the two-pronged test established by [Strickland v. Washington, 466 U.S. 668 (1984)]: (1) he must show that counsel's performance was deficient, so deficient that, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance; and (2) he must show that the deficient performance prejudiced the defense, in the sense that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (citation omitted).

The performance inquiry asks whether counsel was deficient under "all the circumstances."  Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005)(citation omitted).  Counsel is "strongly presumed" to have exercised reasonable judgment in all significant decisions.  Id.  And the prejudice inquiry asks whether "there is a reasonable probability that, but for

9

counsel's unprofessional errors, the result of the proceeding would have been different." Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006) (citation omitted).

Forbes fails to establish either deficient performance or prejudice. First, Forbes's counsel's performance was not deficient and not close to being "outside the wide range of professionally competent assistance" such that Forbes would be entitled to relief. Gonzalez, 722 F.2d at 130. Forbes was represented throughout the District Court proceedings by Mark Gombiner of the Federal Defenders. Mr. Gombiner is an experienced advocate, who has both a trial and appellate practice. Mr. Gombiner was a successful advocate for Forbes at several points in his representation of his client. Significantly, Forbes makes no complaint about the way in which Mr. Gombiner represented him in connection with his plea to the Indictment, his original sentence, or the plea to the specifications of violation of probation. Forbes complains in essence that Mr. Gombiner was not successful in preventing the 60 month term of imprisonment from being imposed. But Mr. Gombiner was a zealous advocate on behalf of his client throughout the process. He went so far as to interrupt the imposition of the sentence and to try to litigate the existence of facts on which the Court appeared to be relying on December 17. Ultimately, however, the defendant did not take issue with

the facts surrounding his violation as described by the Probation Department and the Government, and Forbes does not suggest that he could do so now.

Several of Forbes's specific complaints are in error.  Mr. Gombiner did arrange for a comprehensive psychological evaluation of the defendant and that evaluation played a significant role throughout the sentencing proceedings.  And Mr. Gombiner did request the reimposition of probation with more restrictive conditions.  Similarly, Mr. Gombiner did argue that many of the materials discovered by the Probation Department in Forbes' possession during his supervision did not violate the law or the terms of his release.

Finally, Forbes has not identified any specific way in which he was prejudiced by Mr. Gombiner's decisions or actions.  Counsel did not make any unprofessional errors that would prejudice Forbes and consequently there is not "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.  For example, any motion for recusal would have been denied.  In sum, the petition fails insofar as it claims that Mr. Gombiner provided Forbes with constitutionally deficient representation.

4.   Section 3553(a)

Forbes contends that the sentence was excessive since it represented a "vast departure" from the guidelines range of

11

three to nine months.  See U.S.S.G. § 7B1.4(a).  This claim was rejected by the Court of Appeals in Forbes's direct appeal.  It is therefore not cognizable here.  See Santana-Madera v. United States, 260 F.3d 133, 137 (2d Cir. 2001) (noting a district court's determination that certain Section 2255 "claims were not cognizable because the claims had either been raised and rejected on direct appeal.").

5.   Prosecutorial Misconduct

Forbes contends that the Government engaged in misconduct on two occasions:  (1) on December 17, when it amended its sentencing recommendation, reducing it from twenty-seven months to three to nine months; and (2) on appeal, when it defended the Court's imposition of a sixty month sentence.  Neither of these arguments has merit.  In any event, they are waived.  To the extent that Forbes believed the Government's sentencing advocacy violated his rights, he was required to raise those issues in his direct appeal.

Conclusion

Forbes' petition for a writ of habeas corpus is denied.  As Forbes has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c).  Additionally, any appeal from this order would not be taken in good faith, and therefore in

12

<u>forma pauperis</u> status is denied for the purpose of an appeal. <u>See</u> 28 U.S.C. § 1915(a)(3); <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

    SO ORDERED:

Dated:    New York, New York
           September 24, 2013

                                        _____
                                            DENISE COTE
                                    United States District Judge

COPIES MAILED TO:

Jason Forbes
62200-054
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

14